■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD TAYLOR, Appellant.— The order of this court of March 9, 1965 (22 A D 2d 524) having been modified by the order of the Court of Appeals on November 24, 1965 in accordance with its memorandum decision of that date (16 N Y 2d 1038), the defendant's appeal from the judgment of the Supreme Court, New York County, of June 27, 1963, convicting him of murder in the first

degree and sentencing him to State prison for life, is considered *de novo*, particularly in the light of *People* v. *Hocking* (15 N Y 2d 973). On our former consideration of this appeal we found, and we still find, no merit to the points made by the defendant-appellant, except those concerning the denial to him of the privilege of speaking to his family before his confession and the question of the voluntariness of the confession. In view of *People* v. *Hocking* (*supra*) the denial to defendant of the privilege of speaking with his family was not tantamount to denial of counsel to him, and was not sufficient alone to invalidate his confession. Accordingly, under the decisions of *Jackson* v. *Denno* (378 U. S. 368) and *People* v. *Huntley* (15 N Y 2d 72) this case is remitted to the court below, particularly to Mr. Justice GERALD P. CULKIN before whom the case was tried, to determine the voluntariness of the defendant's confession. In determining that question the court shall consider all evidence presented bearing thereon, including the evidence concerning the refusal of the police to permit defendant to see members of his family. If the court finds beyond a reasonable doubt that the confession was voluntarily made, it shall make suitable findings of fact and conclusions of law with respect thereto, and return the same to this court for determination of this appeal. If the People fail to establish before the court below that defendant's said confession was voluntarily made, the court shall likewise make suitable findings of fact and conclusions of law with respect thereto, and direct a new trial of the defendant excluding such confession. Accordingly, the determination of this appeal should be withheld and the case remitted to the Supreme Court, Trial Term, New York County for further proceedings in accordance herewith. Concur — Breitel, J. P., McNally, Steuer and Witmer, JJ.; Valente, J., deceased.